STATE OF NORTH CAROLINA
v.
DESPERADOS INC.[1], and CYNTHIA L. PEREZ, Defendants.
No. COA05-1397-2
Court of Appeals of North Carolina
Filed January 6, 2009
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Barry H. Bloch, for the State.
Jeffrey S. Miller, for the defendant-appellants.
WYNN, Judge.
By order of our Supreme Court, this appeal is remanded to us for review of the non-constitutional issues, 361 N.C. 682, 651 S.E.2d 883 (2007).[2] Those issues are whether the trial court erred by (I) failing to declare the noise ordinance void because the clerk's office failed to keep it in accordance with N.C. Gen. Stat. § 153A-48 (2005); (II) sentencing Defendant Cynthia Perez in excess of twenty days for violating a Class 3, Level III misdemeanor; and (III) imposing a $500.00 fine for each conviction. Finding no error, we affirm.

I.
Defendants argue that the noise ordinance is void because the clerk's office failed to keep it in an ordinance book available for public inspection as required by N.C. Gen. Stat. § 153A-48 (2005). Defendants assign error to the trial court's admission of a document "purporting to be the Beaufort County noise ordinance" on the grounds that the ordinance "was not kept in an ordinance book kept in the office of the clerk . . . as required by N.C.G.S. § 153A-48." Thus, Defendants contend the trial court erred by denying their motion to dismiss.
Under North Carolina law, a copy of an ordinance admitted into evidence is given the same force and effect as the original ordinance pursuant to N.C. Gen. Stat. § 160A-79(b) (2005). However, N.C. Gen. Stat. § 153A-48 requires that all county ordinances must be kept in an ordinance book, maintained by the clerk, and made available for public inspection in the office of the clerk. N.C. Gen. Stat. § 153A-48.
In this case, Sharon Singleton, the person responsible for maintaining the county's ordinance book, testified that the book was regularly kept in a vault in the register of deeds' office, located across the street from her office. Defendants argue that by housing the ordinance book in the vault of the register of deeds' office rather than the office of the clerk, the county's ordinances were rendered invalid by its failure to comply with N.C. Gen. Stat. § 153A-48. We do not agree with this technical interpretation of N.C. Gen. Stat. § 153A-48.
N.C. Gen. Stat. § 153A-48 states, "The clerk shall maintain an ordinance book, separate from the minute book of the board of commissioners. The ordinance book shall be indexed and shall be available for public inspection in the office of the clerk" (emphasis added).
At trial, Ms. Singleton testified that the ordinance book is indexed and available for public inspection. Ms. Singleton further testified that the ordinance book was kept in the register of deeds' office because, "[i]t's accessible for the public. It's easier for them as they're here researching other things, estates, sales, property tax, things like that are researched, and it was just suggested it stay where it was."
While the letter of the statute would require that the county ordinances be housed in the office of the clerk of the board of commissioners, we do not believe that the General Assembly intended to declare ordinances that were not in strict compliance with the requirement to be void. Instead, we look to determine if the spirit of this statute was met by the actions of Beaufort County in housing the ordinance book in the register of deeds' office. See, e.g., State ex rel. Utils. Comm'n. v. Public Staff, 309 N.C. 195, 210, 306 S.E.2d 435, 444 (1983) (concluding that legislative intent is revealed in "the language of the statute, the spirit of the statute, and what it seeks to accomplish."). We hold that the evidence in this case tending to show that the ordinance book was properly maintained, indexed, and available for public inspection in the register of deeds' office, which is located across from the clerk's office, shows that the spirit of N.C. Gen. Stat. § 153A-48 was met by Beaufort County.
Furthermore, Defendants do not challenge whether the ordinance was properly adopted in accordance with N.C. Gen. Stat. § 153A-45 (2005). Indeed, there is no evidence that the ordinance was not adopted by the Beaufort County Board of Commissioners in accordance with N.C. Gen. Stat. § 153A-45, which sets out that a county's governing body adopts an ordinance with "the approval of all of the members of the board of commissioners."
Accordingly, Defendant has failed to show any prejudicial error.

II.
Next, Defendant Cynthia Perez argues that the trial court erred by sentencing her to thirty days because the maximum sentence for the violation of a local ordinance is no more than twenty days imprisonment. We disagree.
N.C. Gen. Stat. § 14-4(a) (2005) provides, " Except as provided in subsection (b), if any person shall violate an ordinance of a county, city, [or] town . . . he shall be guilty of a Class 3 misdemeanor and shall be fined not more than five hundred dollars ($500.00)." N.C. Gen. Stat. § 15A-1340.23(c) (2005), governing misdemeanor sentencing, provides that "[u]nless otherwise provided for a specific offense, the authorized punishment for each class of offense and prior conviction level is as specified in the chart below" (emphasis added). The statute goes on to state the punishment for a Class 3, Level III misdemeanor is one to twenty days imprisonment. However, the Beaufort County noise ordinance, under which Defendant Perez was convicted, specifically provides:
the violation of any provision of this Ordinance shall constitute a misdemeanor and shall be punished by a fine up to five hundred dollars ($500.00) or imprisonment of thirty (30) days or both fine and imprisonment. Each day on which any violation of this Ordinance shall continue shall constitute a separate and distinct violation and offense.
Reading the ordinance and statutes together, the trial court committed no error in sentencing Defendant Perez. N.C. Gen. Stat. § 15A-1340.23(c) expressly authorizes a different punishment to be prescribed for a specific offense. Therefore, Beaufort County may establish a greater punishment than that outlined in N.C. Gen. Stat. §14-4A for the specific offense it describes. The ordinance properly states that defendants who are guilty of a Class 3 misdemeanor may be sentenced to imprisonment for a maximum of thirty days. Accordingly, the trial court did not err in sentencing Defendant Perez as a Class 3, Level III misdemeanor, and imposing a sentence of thirty days confinement.

III.
Lastly, Defendants contend the trial court erred in imposing a $500.00 fine for each conviction. As previously noted, N.C. Gen. Stat. § 14-4(a) authorizes Beaufort County to impose fines up to $500.00. Here, Beaufort County expressly adopted a fine of up to $500.00 for each violation of the ordinance. The ordinance stated that each offense shall "constitute a separate and distinct violation." Thus, we hold that the trial court did not err in imposing the maximum fine of five hundred dollars for each conviction under the ordinance.
No error.
Judge TYSON concurs prior to 31 December 2008.
Judge STROUD concurs.
Report per Rule 30(e).
NOTES
[1] This case involves multiple judgments in which defendants are also named as "Desperados, Inc." and "Perez, Cynthia L.," "Perez, Cynthia, Wagner," and "Perez, Cynthia, Lea" respectively.
[2] The relevant facts are set forth in this Court's earlier opinion, 180 N.C. App. 378, 638 S.E.2d 4 (2006).